IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIANETTE GIBSON-KENNEDY on behalf of LILLIAN R. GIBSON, alleged incapacitated, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 13-4324 |
| ROBERT M. SLUTSKY, ESQUIRE, DIANE ZABONSKI, ESQUIRE, KALPANA DOSHI, LCSW, MS. TIVIA OLSEN, | |
| Defendants. | |

**MEMORANDUM OPINION**

**Schmehl, J.**                                                    **January 27, 2014**

*Pro se* Plaintiff in this matter, Alvianette Gibson-Kennedy ("Gibson-Kennedy" or "Plaintiff") purports to bring this action on behalf of her eighty-two (82) year old mother, Lillian R. Gibson ("Gibson"), for violations of the Fourth Amendment's prohibition against unreasonable search and seizure. All Defendants have filed Motions to Dismiss. For reasons set forth below, I will grant the motions of all defendants and dismiss Plaintiff's Amended Complaint with prejudice.

**I.       RELEVANT FACTS**

Plaintiff, Alvianette Gibson-Kennedy, claims that on January 25, 2013, Defendant Tivia Olsen, a representative of Montgomery County Aging and Adult Services ("MCAAS") came to the home of Plaintiff's mother, Lillian R. Gibson, in response to a complaint it had received suggesting that Gibson was mentally incapacitated and being financially exploited against her will. (Compl., ¶ 3C.) Specifically, Gibson-Kennedy alleges that a complaint was made to MCAAS that people were spending the proceeds of

a reverse mortgage that Gibson had obtained on her home. (Compl., ¶ 3C.) Plaintiff further claims that as a result of the complaint received by MCAAS, Gibson was declared mentally incapacitated and was appointed a guardian (Defendant Kalpana Doshi) and an attorney (Defendant Diane Zabowski, Esq.). (Id.) Plaintiff alleges that Defendant Robert Slutsky, Esq. (an attorney who represented MCAAS in its petition for appointment of a guardian for Gibson), seized all of Gibson's assets, personal property and finances and placed them under the control of the guardian, Ms. Doshi. (Id.) Defendants Slutsky, Olsen and Zabowski all filed motions to dismiss Plaintiff's Complaint.

Thereafter, on October 23, 2013, Plaintiff filed an Amended Complaint, and for the first time, listed new parties as defendants, although the allegations contained in the Amended Complaint did not change. These new defendants were Jill Payne (Ms. Payne, an employee of MCAAS, was listed in the body of the original Complaint as a defendant, but not in the caption), First Niagara Bank, Navy Federal Credit Union and Anne R. White, CPA. An "addendum" to the Amended Complaint then lists Wells Fargo Bank, Citizens Bank and TD Bank as defendants, although they are not listed in the caption. A thorough review of Plaintiff's Amended Complaint shows that it is difficult to determine exactly what claims Plaintiff has against First Niagara Bank, Navy Federal Credit Union, Anne R. White, CPA, Wells Fargo Bank, Citizens Bank or TD Bank. It appears the Gibson had a mortgage on her home with First Niagara Bank. (Am. Compl. ¶ 3(B).) Plaintiff seems to be alleging that in 2012, Gibson took out a reverse mortgage on her home to satisfy a second mortgage. (Id.) Plaintiff seems to be claiming issues with the originating bank (who is not identified in the Amended Complaint) repeatedly "chang[ing] hands" and transferring Gibson's loan, losing her documentation and

payment records in the process. (Am. Compl. ¶ 3(C).) Plaintiff also alleges that the proceeds of Gibson's reverse mortgage were transferred into her account at the Navy Federal Credit Union. (Id.) However, no further allegations were set forth regarding any of these banking defendants and how they allegedly violated Mrs. Gibson's constitutional rights. After the filing of Plaintiff's Amended Complaint, Defendants Zabowski, Olsen, Payne, Slutsky, Doshi and First Niagara Bank all filed Motions to Dismiss.

## II.   STATE COURT PROCEEDINGS

The issues complained of by Plaintiff all stem from the actions of the Orphans' Court of Montgomery County in adjudicating Gibson totally incapacitated. A review of the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Slutsky shows that a Final Decree was entered by the Honorable Stanley R. Ott on April 17, 2013. (Mtn to Dismiss of Slutsky, Ex. B.) This Final Decree found Gibson totally incapacitated and appointed a guardian of her person and estate, Defendant Doshi. (Id.) The Court concluded in this Final Decree that Gibson "suffers from dementia and various physical ailments, conditions or disabilities which totally impair her capacity to receive and evaluate information effectively and to make and communicate decisions regarding management of financial affairs or to meet essential requirement for her physical health and safety. (Id. at 1.) Doshi was granted the authority to decide where Gibson should live, how her meals, care, etc will be provided and to make medical decisions for Gibson. Judge Ott ordered that all financial institutions in possession of assets of Gibson should provide Doshi with immediate access to all Gibson's assets. (Id. at 2.)

Plaintiff appealed Judge Ott's Final Decree to the Pennsylvania Superior Court. As of the date of this opinion, the Superior Court appeal is still pending.  In her appeal,

Plaintiff raises 5 issues: 1) there was no proof of financial exploitation; 2) there was a patent disregard for the "well care" being provided by Gibson's daughters; 3) there was a failure to recognize the power of attorney; 4) there was an "assignation of character" of Plaintiff Gibson-Kennedy relating to the issue of financial abuse; and 5) there were attempts made by Defendant Slutsky and Defendant Doshi to "defraud" Gibson of her home. (See Mtn to Dismiss of Slutsky, Ex. C.)

### III.     <u>STANDARD OF REVIEW</u>

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

This Court explained a motion filed pursuant to Rule 12(b)(1) in <u>Gordon v. East Goshen Twp.</u>, 592 F.Supp.2d 828, 836-37 (E.D. Pa. 2009):

> Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter...." Fed.R.Civ.P. 12(b)(1). In evaluating a Rule 12(b)(1) motion, the Court first must determine whether the motion attacks the complaint on its face or on its facts. <u>Carpet Group Int'l v. Oriental Rug Imps. Ass'n</u>, 227 F.3d 62, 69 (3d Cir.2000) (citing <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir.1977)). A facial challenge under Rule 12(b)(1) argues that the complaint fails to allege subject matter jurisdiction or contains defects in the jurisdictional allegations. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1350, at 147–54 (3d ed. 2004). As with a Rule 12(b)(6) motion, a court evaluating a facial challenge must accept the allegations in the complaint as true, and

> disposition of the motion becomes purely a legal question. <u>Gould Elec.,
> Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir.2000). In reviewing a
> facial attack, a court may rely on documents referenced within the
> complaint and attached thereto but must view them in the light most
> favorable to the nonmoving party. <u>See</u> <u>id</u>. at 176 & n.6; <u>Pension Benefit
> Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir.1993).
> On the other hand, in a factual attack, "no presumptive truthfulness
> attaches to plaintiff's allegations, and the existence of disputed material
> facts will not preclude the trial court from evaluating for itself the merits
> of jurisdictional claims." <u>Mortensen</u>, 549 F.2d at 891. In resolving a
> factual challenge under Rule 12(b)(1), "the court may consider and weigh
> evidence outside the pleadings to determine if it has jurisdiction." <u>Gould
> Elec.</u>, 220 F.3d at 178 (citing <u>Mortensen</u>, 549 F.2d at 891).

<u>Gordon v. E. Goshen Twp.</u>, 592 F. Supp. 2d 828, 836-37 (E.D. Pa. 2009). As the party

asserting subject matter jurisdiction, the plaintiff has the burden of proving such

jurisdiction exists. <u>Gary v. Pennsylvania Human Relations Comm'n</u>, No. 10-1844, 2012

WL 931082 (E.D. Pa. Mar. 20, 2012) <u>aff'd,</u> 497 F. App'x 223 (3d Cir. 2012), citing

<u>Symczyk v. Genesis Healthcare Corp.</u>, 656 F.3d 189, 191 n. 4 (3d Cir.2011); <u>Li v.

Renewable Energy Solutions, Inc.</u>, No. 11–3589, 2012 WL 589567, at *3 (D.N.J. Feb.22,

2012).

## IV.   <u>DISCUSSION</u>

### A.  <u>Motions of all Defendants</u>

In response to the original Complaint, Defendant Slutsky filed a Motion to

Dismiss which contained the following arguments: 1) Plaintiff's Complaint should be

dismissed because she lacks the legal capacity to assert claims on behalf of her mother; 2)

Plaintiff's Complaint should be dismissed because she cannot proceed *pro se* on behalf of

another person; 3) Plaintiff's Complaint should be dismissed because it violates the

*Rooker-Feldman* doctrine, and 4) Plaintiff's Complaint should be dismissed for failure to

state a claim upon which relief can be granted.  Defendants Zabowski, Olsen and Payne

also filed an identical Motions to Dismiss, and added a fifth argument, that Plaintiff's Complaint should be dismissed for failure to make proper service of process.

In response to Plaintiff's Amended Complaint, Defendants Zablowski, Olsen and Payne filed another Motion to Dismiss, identical to the one they had filed previously but without the claims for insufficient service of process. Defendant Slutsky filed a Motion to Dismiss identical to his first one, and Defendant Doshi filed a Motion to Dismiss arguing the same four issues contained in Slutsky's original Motion.  Finally, First Niagara filed a Motion to Dismiss setting forth the same four claims as the other co-defendants, and adding an argument that this court has no subject matter jurisdiction.

For the reasons that follow, I grant all defendants' Motions to Dismiss on the basis that Plaintiff has no legal authority to bring a suit on behalf of her incapacitated mother and also cannot proceed *pro se* on behalf of her mother, thereby depriving this Court of jurisdiction over this matter. Therefore, Plaintiff's Amended Complaint is dismissed with prejudice.

### B.  Dismissal Pursuant to Rule 12(b)(1)

As discussed above, 12(b)(1) motions can be facial or factual.  In the instant matter, the Defendants set forth a factual challenge to subject matter jurisdiction under Rule 12(b)(1), as they ask the Court to consider documents from state court proceedings that were attached to Defendants' motion papers, but were not attached to Plaintiff's Complaint or Amended Complaint.

### 1.  Plaintiff Cannot Assert Claims on Behalf of her Mother, Lillian Gibson.

Plaintiff, Alvianette Gibson-Kennedy claims that she is bringing the instant action

on behalf of her mother. However, this is clearly improper and Plaintiff's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1), as Mrs. Gibson was declared incompetent by the Montgomery County Court of Common Pleas and therefore, only her court-appointed legal guardian can bring an action on her behalf. (See Ex. B to Slutsky's Mtn to Dismiss.)

Federal Rule of Civil Procedure 17(c)(1) states "the following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17. Further, an incompetent person who does not have a duly appointed representative may sue by next friend or guardian ad litem. Fed. R. Civ. P. 17(c)(2); see also DiStefano v. Lehigh Valley R. Co., 258 F.Supp. 721, 722-23 (E.D. Pa. 1966). A review of the Final Decree from Montgomery County shows that Mrs. Gibson was found to be incapacitated on April 17, 2013, and Ms. Kalpana Doshi was appointed by the Court as her guardian. (See Ex.B.) Therefore, Plaintiff is not her mother's legal guardian and lacks the legal capacity to bring suit on behalf of her mother.[1] The only person capable of bringing suit on behalf of Mrs. Gibson is her court-appointed guardian, Ms. Doshi. Accordingly, this Court lacks jurisdiction over this matter and Plaintiff's claims should be dismissed.

### 2. Plaintiff Cannot Proceed *Pro Se* on Behalf of Her Mother.

Plaintiff purports to bring the instant civil action *pro se* on behalf of Mrs. Gibson.

---

[1] I note that Plaintiff claims to have her mother's power of attorney. Pursuant to an email sent to chambers dated November 1, 2013, Plaintiff produced a copy of a durable power of attorney dated September 5, 2012 and executed by Mrs. Gibson, giving power of attorney to Plaintiff. However, the Final Decree of the Orphans' Court of Montgomery County stated that "[a]ll existing powers of attorney are hereby terminated." Therefore, Plaintiff's previous power of attorney over her mother does not give her legal capacity to file a suit on Mrs. Gibson's behalf.

This is improper, and Plaintiff's claims are therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1). As discussed above, Plaintiff is not her mother's guardian. However, even if Plaintiff was her mother's guardian, she still would not be permitted to bring the instant action *pro se* on her mother's behalf. A guardian cannot represent an incompetent adult in this Court without the assistance of counsel. The Court of Appeals for the Third Circuit has held that the right to proceed *pro se* in federal court applies only to a party in his or her own right, and not to non-attorneys who attempt to appear on behalf of other individuals. Williams v. United States, 477 Fed. Appx. 9, 11 (3d Cir. 2012); Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). "It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Osei-Afriyie, 937 F.2d at 883. Accordingly, Plaintiff cannot bring the instant suit on behalf of her mother, and the Amended Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[2]

A district court must grant leave to amend when dismissing a *pro se* complaint, "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason." Mangan v. Robbins, No. 12-2462, 2013 WL 460289 (E.D. Pa. Feb. 7, 2013) (Sanchez, J.), citing Tate v. Morris Cty Prosecutors Office, 284 F. App'x 877, 879 (3d Cir.2008). Because this Court lacks subject matter

---

[2] As discussed above, Plaintiff is not in possession of a valid power of attorney for Mrs. Gibson. However, even if she was, she still would not be permitted to bring this suit on behalf of her mother, as "the holder of a power of attorney is not authorized to appear *pro se* on behalf of the grantor." Williams v. United States, 477 Fed. Appx. at 11, citing Estate of Keatinge v. Biddle, 316 F.3d 7, 14 (1st Cir. 2002).

jurisdiction over Plaintiff's claims, amendment would be futile. Accordingly, Plaintiff's Amended Complaint will be dismissed with prejudice against all defendants.

## V.      <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motions to Dismiss are granted and Plaintiff's Amended Complaint is dismissed with prejudice against all defendants pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.